```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
             STATESVILLE DIVISION
                5:10CV3-02-V
               (5:06CR18-2-V)
```

| | |
|---|---|
| **DANIEL ALVAREZ GARCIA,** )<br>    **Petitioner,** )<br>                       )<br>     v.                   )<br>                       )<br>**UNITED STATES OF AMERICA,** )<br>    **Respondent.** )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed January 15, 2010. For the reasons stated herein, Petitioner's Motion to Vacate must be <u>dismissed</u> as time-barred.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 29, 2006, Petitioner and one other individual were charged with conspiring to possess with intent to distribute at least five kilograms of cocaine powder, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); and they were charged with possession with intent to distribute at least five kilograms of cocaine powder, and aiding and abetting that offense, in violation of 21 U.S.C. § 841 (b)(1)(A) and 18 U.S.C. § 2 (Count Two). (Case No. 5:06CR18-2, document # 1).

On January 9, 2007, Petitioner entered into a written Plea Agreement with the Government whereby he agreed to plead guilty to the conspiracy charge set forth in Count One of the Indictment. (Case No. 5:06CR18-2, document # 34). Such Agreement

further provides that Petitioner waived his right to directly and/or collaterally attack his conviction and sentence on any grounds except ineffective assistance of counsel and prosecutorial misconduct. (Id.).

On the following day, Petitioner appeared before the Court for his Plea and Rule 11 Hearing. During that proceeding, the Court placed Petitioner under oath and engaged him in its standard, lengthy colloquy to ensure that his guilty plea was being tendered intelligently and voluntarily. After considering Petitioner's answers to all of its questions, the Court determined that the plea was properly made; therefore, the Court accepted Petitioner's guilty plea.

On September 10, 2007, the Court held Petitioner's Factual Basis and Sentencing Hearing. At that time, the Court adopted the calculations from Petitioner's Pre-Sentence Report which reported his Offense Level as 27, his Criminal History Category as I, and his corresponding range of imprisonment as 70 to 87 months imprisonment. (Case No. 5:06CR18-2, document # 39). At the conclusion of that proceeding, the Court sentenced Petitioner to a term of 70 months imprisonment. The Court's Judgment was filed on September 25, 2007. (Case No. 5:06CR18-2, document # 38). Petitioner did not seek a direct appeal in his case.

Instead, after the passage of more than two years, Petitioner now has returned to this Court on the instant Motion

to Vacate. Petitioner's claims are far from clear to the Court. Indeed, Petitioner's allegations are:

> Ground One -- Equal Rights Protection, I, VI, VII and XIV Amendment A Person Should Not Be Discriminated Regardless Of Race, Religion, Color, Origin Or Nationality ETC.
>
> Ground Two -- A US Citizen Is Entitled To (One) Year Reduction Of Sentence Through A Drug Program During His Incarceration Being And Alien Should Deprived Him Of His Time Reduction Due To That From Prisoner To Prisoner There Is No Differences Both Live And Comfort By The Same Rules Policies, Priviledges And Standard Of Such Institution.
>
> Ground Three -- A US Citizen Is Entitled To Halfway House Supervised An Early Release Pursuant To 18 USCA 3583(D) And Being An Alien Should Not Deprived Him Of His Time Reduction, Due To That From Prisoner To Prisoner There Is No Differences Both Live And Comfort By The Same Rules Policies Priviledge And Standard Of Such Institution.[1]

Notwithstanding his belief to the contrary, however, Petitioner's Motion to Vacate is subject to summary dismissal as time-barred.

## II. **ANALYSIS**

At the outset of its analysis, this Court notes that Rule 4(b) of the Rules Governing Section 2255 Proceedings directs

---

[1] Liberally construed, the Motion is susceptible to interpretation as a claim that Petitioner is being unconstitutionally discriminated against because of his race or nationality in that as an alien he is not eligible for a one-year reduction from his sentence for the 500-hour drug program and early half-way house release. This claim is conclusory and lacking in factual support. In any event, as a legal matter, even if such claim is not barred for untimeliness, it still would be barred by the waiver in Petitioner's Plea Agreement, see, e.g., United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005) or, in the alternative, by his unexcused procedural default of such claim. Bousley v. United States, 523 U.S. 614, 621-22 (1988).

3

sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion.

As was noted on Petitioner's form-Motion to Vacate, in 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (hereafter, the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate.  The amendment provides:

A 1-year period of limitation applies to a motion under this section.  The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As the record has shown, Petitioner's conviction and sentence were imposed by a Judgment filed September 25, 2007, and he

4

did not seek direct review for his case.  Consequently, Petitioner's case became final 10 days after entry of the Court's Judgment, i.e., on October 8, 2007.  Fed.R.App.P. 4(b)(1)-(A)(I),(6) (providing that for federal defendants, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket).  Therefore, in the absence of any intervening circumstances, pursuant to the AEDPA, Petitioner had up to and including October 8, 2008, in which to file the instant Motion to Vacate.  Obviously, Petitioner did not file his Motion by that date.

Petitioner properly recognized that his Motion to Vacate likely would be construed as time-barred.  That is, Petitioner's form-Motion to Vacate expressly admonished[2] him that if he were filing his Motion more than one year after his Judgment had become final, such Motion could be construed as time-barred.  Thus, Petitioner set out to establish that his claims somehow

---

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation."  Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill's notice provision.  The new form now includes a section which directs petitioners to address the "timeliness of [their] Petition[s]."  In particular, question 18 on the new form advised this Petitioner that if his conviction became final more than one year before the time that the Motion to Vacate is being submitted, he "must explain why the one-year statute of limitations contained in 28 U.S.C. §2255 [also set forth on the form] does not bar [his] motion." Thus, inasmuch as Petitioner obviously has read that question and has proffered a reason why his Motion should be construed as timely filed -- albeit unsuccessfully -- the Court finds that no further notice or opportunity for response is required for him.

5

have been timely presented.  Petitioner reports that his Motion to Vacate should not be construed as time-barred because:

> I Was In A County For 20 Months And I Did Not
> Knew About This Law 2255.  After That I Have
> Been In Transit Until Now That I Got To My
> Final Destination.  My Transit Star 10-31-07
> And End 8-12-09.

This explanation would seem to amount to allegations that Petitioner's tardy filing should be excused because he was not aware of the AEDPA or its limitations, and because he was housed in a county jail for 20 months following sentencing and then was in transit starting October 31, 2007 and ending August 12, 2009.  Notably, however, Petitioner has not alleged any unconstitutional activity by the Government which might have impeded his ability to timely file the instant Motion.  Thus, this explanation is inadequate to warrant an extension on the deadline.  See, e.g., Rodriguez v. United States, 2009 WL 3149596 *2 (S.D. N.Y. Sept. 30, 2009) (unpublished) (declining to find § 2255 motion timely filed by petitioner previously housed in county facility, in absence of allegation that guards intentionally destroyed materials and such destruction precluded timely filing); Oiler v. United States, 2009 WL 1073639 *6 (S.D. W.Va. April 21, 2009) (unpublished) (declining to find § 2255 motion timely filed on assertion of ignorance of the law because such ignorance, including the existence of the AEDPA, is not a valid basis for equitable tolling); Satterfield v. Franklin, 2009 WL 523181 *4

6

(W.D. Okla. March 2, 2009) (unpublished) (declining to find habeas petition timely filed by petitioner who was unaware of habeas corpus proceedings and limitations period, and was housed for three years in "small county jail without a law library" in absence of allegation that he was denied all access to legal resources during relevant period); and Boyles v. Commonwealth of Virginia, 2005 WL 2233578 *2 (W.D. Va. Sept. 13, 2005) (unpublished) (declining to find habeas petition timely filed on assertion that petitioner had limited access to legal materials while in local and state correctional facilities).

Furthermore, to the extent that the Court comprehends his claims, it appears that they each relate to matters of which Petitioner knew or should have known at the time he was sentenced by this Court. In addition, Petitioner's claims do not relate to any intervening, retroactively applicable change in the law. Therefore, Petitioner has failed to demonstrate a statutory basis for construing his filing deadline as having commenced at any time later than the October 2008 date which this Court has identified.

Similarly, Petitioner's explanation also fails to establish that his case is one of those "rare instances" in which it would be unconscionable for this Court to enforce the limitations period against him. Therefore, the time during which Petitioner delayed bringing this Motion cannot be equitably tolled. See

7

Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.) (en banc) (discussing the requirements for equitable tolling), cert. denied, 541 U.S. 905 (2004); and United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same).

Finally, the Court also is aware of the Fourth Circuit's decision in Bilal v. North Carolina, 287 Fed. App'x 241 (4th Cir. July 18, 2008), in which the Fourth Circuit, specifically limiting its holding to the facts of that case, concluded that this Court's sua sponte dismissal of a habeas petition was premature. However, this case is distinguishable from Bilal.

In Bilal, the petitioner answered question 18 with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status. Bilal also involved a petition which was brought under § 2254 thirty days after the expiration of the filing deadline. Here, Petitioner has provided a response to question 18; however, his response simply is insufficient to excuse his delay. Furthermore, the instant Motion is made under § 2255, and is more than a full year outside the one-year limitations period. Last, unlike in Bilal, this Court has access to Petitioner's entire criminal file, a review of which clearly establishes the untimeliness of this Motion to Vacate. In sum, therefore, the undersigned finds that dismissal of Petitioner's Motion for untimeliness is warranted.

### III. <u>CONCLUSION</u>

The AEDPA requires, among other things, Petitioners seeking to bring Motions to Vacate under 28 U.S.C. §2255 do so within the time limitations prescribed by that statute.  Here, Petitioner has failed to meet that requirement, and he has failed to establish any other basis for construing his Motion as timely filed.  Accordingly, Petitioner's Motion to Vacate shall be <u>dismissed</u> as time-barred.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: January 22, 2010

Richard L. Voorhees
United States District Judge